955 F.2d 49
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 OKLAHOMA FOOD INDUSTRY COUPON REDEMPTION SERVICE, INC., an
Oklahoma corporation, Plaintiff-Appellant,
v.
A.C. NIELSEN COMPANY, a Delaware, corporation, Defendant-Appellee.
 No. 91-6298.
 United States Court of Appeals, Tenth Circuit.
 Feb. 11, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Oklahoma Food Industry Coupon Redemption Service, Inc. (OFICRS) appeals an order of the district court denying its motion for attorneys' fees. On appeal, OFICRS contends that it is entitled to attorneys' fees under Okla.Stat.tit. 12, § 936. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 OFICRS acts as an agent for retail grocers who accept and redeem manufacturers' coupons. A.C. Nielsen (Nielsen) acts as an agent for manufacturers who offer coupons to consumers. OFICRS presents the coupons to Nielsen for redemption. This suit arose out of a dispute between OFICRS and Nielsen over the proper amount of reimbursement due OFICRS. The case was submitted to arbitration and both parties agreed to accept the arbitration award. OFICRS subsequently sought attorneys' fees pursuant to Okla.Stat.tit. 12, § 936.
 
 
 4
 We AFFIRM for substantially the reasons given by the district court. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3